**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JUAN XINASTLE,** | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| *Field Office Director of Enforcement and* | § | |
| *Removal Operations, El Paso Field Office,* | § | |
| *Immigration and Customs Enforcement*; | § | |
| **WARDEN OF ERO EL PASO CAMP** | § | |
| **EAST MONTANA;** | § | |
| **TODD M. LYONS,** | § | **EP-26-CV-00079-DCG** |
| *in his official capacity as Acting Director,* | § | |
| *Immigration and Customs Enforcement, U.S.* | § | |
| *Department of Homeland Security*; | § | |
| **KRISTI NOEM,** | § | |
| *in her official capacity as Secretary, U.S.* | § | |
| *Department of Homeland Security*; **and** | § | |
| **PAMELA JO BONDI,** | § | |
| *in her official capacity as Attorney General* | § | |
| *of the United States,* | § | |
| | § | |
| *Respondents.* | § | |

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Petitioner Juan Xinastle has filed a document purporting to voluntarily dismiss the above-

captioned case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[1]

---

[1] *See* Voluntary Dismissal, ECF No. 5, at 2.

*See also* FED. R. CIV. P. 41(a)(1)(A) (identifying circumstances in which "the plaintiff may dismiss an action without a court order"); *Aguirre v. Robertson*, No. 2:22-cv-07074, 2024 WL 5718393, at *3 (C.D. Cal.) (indicating that Rule 41(a)(1)(A)(i) applies in the habeas corpus context), *report and recommendation accepted by* 2024 WL 5718395 (C.D. Cal. July 25, 2024).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

Petitioner states—without elaboration—that "the underlying administrative record has changed" since he filed his Petition, "such that dismissing [the Petition] without prejudice is appropriate."[2]

However, because Respondents have already responded to Petitioner's Petition for Writ of Habeas Corpus,[3] Petitioner cannot unilaterally dismiss this case under Rule 41(a)(1)(A)(i).[4] Instead, Petitioner must either:

(1)     obtain and file "a stipulation of dismissal signed by all parties who have appeared;"[5] or

(2)     move for a court order dismissing the case.[6]

As far as the docket reveals, Petitioner has done neither of those things.[7] "Thus, to the extent [Petitioner's] Notice of Voluntary Dismissal erroneously purports to dismiss th[is] case under Rule 41(a)(1)(A)(i), it has no legal effect."[8]

"However, there's no need to send [Petitioner] back to the drawing board to draft a new filing" asking the Court to voluntarily dismiss this case.[9] "[W]here—as here—a [petitioner] files an invalid Rule 41(a)(1)(A)(i) notice of dismissal after the" respondent has responded to the

---

[2] *See* Voluntary Dismissal at 2.

[3] *See* Resp., ECF No. 3.

[4] *See* FED. R. CIV. P. 41(a)(1)(A) (authorizing a plaintiff to "dismiss an action without a court order by filing . . . (i) a notice of dismissal *before the opposing party serves either an answer or a motion for summary judgment*" (emphasis added)).

[5] *See* FED. R. CIV. P. 41(a)(1)(A)(ii).

[6] *See* FED. R. CIV. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

[7] *See* Voluntary Dismissal at 2.

[8] *See, e.g., Apac v. Garcia*, No. 3:24-CV-00268, 2024 WL 3984039, at *3 (W.D. Tex. Aug. 23, 2024).

[9] *See, e.g., id.* at *4.

habeas corpus petition, "the court may reconstrue that procedurally defective notice as a motion to voluntarily dismiss the case under Rule 41(a)(2)."[10]  The Court will therefore do that here.

"The Court perceives no way in which" "unconditionally dismissing this case would unduly prejudice" Respondents, and it doesn't "appear that [Petitioner] is attempting to dismiss this case to avoid an imminent adverse ruling."[11]  It thus appears appropriate to dismiss this case without prejudice under Rule 41(a)(2).[12]

The Court therefore **RECONSTRUES** Petitioner's "Rule 41 Voluntary Dismissal" (ECF No. 5) as a Motion to Voluntarily Dismiss this case under Federal Rule of Civil Procedure 41(a)(2).

Having construed that filing as a Rule 41(a)(2) Motion, the Court **GRANTS** it.  The Court thereby **DISMISSES** the above-captioned case **WITHOUT PREJUDICE**.

The Court **CLOSES** the case.

**So ORDERED and SIGNED this 23rd day of March 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[10] *Cf., e.g., id.* (applying that principle in a non-habeas case).

*See also supra* note 6 and accompanying text (discussing motions to voluntarily dismiss a case under Rule 41(a)(2)).

[11] *See Apac*, 2024 WL 3984039, at *5.

[12] *See id.* at *2–3 (discussing the legal standards governing Rule 41(a)(2) motions in greater depth).